```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

GREGORY TYRONE DOTSON        ]
     Plaintiff,              ]
                             ]       No.
v.                           ]       (No.3:14-mc-0252)
                             ]       Judge Trauger
STATE OF TENNESSEE, et al.   ]
     Defendants.             ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Middle Tennessee Mental Health Institute in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; Jerry Lester, Warden of the West Tennessee State Penitentiary; Wayne Carpenter, Warden of the Riverbend Maximum Security Institution; five members of the Riverbend staff; Derrick Schofield, Commissioner of the Tennessee Department of Correction (TDOC); two TDOC administrators; Monte Watkins, a Criminal Court Judge in Davidson County; Deborah Housel, a Davidson County prosecutor; Charles Walker, a member of the Davidson County Bar; Howard Gentry, the Davidson County Criminal Court Clerk; and two members of his staff; seeking injunctive relief and damages.

The plaintiff was convicted of vandalism and is currently serving a sentence of six years and one month for that crime. He alleges that the conviction is "invalid, void, null and illegal".

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994).

Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge